IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | CRIMINAL ACTION |
| | : | No. 20-386 |
| JON FREY | : | |
| | : | |

McHUGH, J.                                                                                        January 20, 2021

## MEMORANDUM

Defendant Jon Frey is charged with Distribution and Attempted Distribution of Child Pornography in violation of 18 United States Code Section 2252(a)(2),(b)(1), and Accessing with Intent to View Child Pornography in violation of 18 United States Code Section 2252(a)(4)(B),(b)(2). He has appealed the order denying him pretrial release.

Neither this Court's Office of Pretrial Services nor the Magistrate Judge deem Mr. Frey to be a flight risk, given his family and community ties, and cooperation with investigating agents. The principal question is whether he poses a danger to the community.

The parties agree that there is a presumption of detention pursuant to 18 U.S.C. § 2252(a)(2). See 18 U.S.C. § 3142(e)(3)(E), and that Defendant bears the burden of establishing by credible evidence that he will appear in this case as required and that he will not pose a risk of danger to the community upon release. *United States v. Carbone,* 793 F.2d 559, 560 (3d Cir. 1986). The record has changed in two ways since Mr. Frey was detained. First, there is more information available relevant to the degree of danger he presents. Second, he now confronts a

1

serious medical condition that will require treatment, something that has become more complicated for those in custody because of the Covid-19 pandemic.

As to additional evidence of risk, an investigation into family circumstances by the Department of Human Services did not uncover evidence of physical abuse of Defendant's daughter, the principal source of concern. The Philadelphia Children's Alliance/Philadelphia Police Special Victims Unit conducted a forensic interview that did not reveal abuse. Defendant's daughter has been in counseling with Sherri Edelman, Psy.D., LPC, since March 2020 for ADHD.  Dr. Edelman has experience with child abuse, and through their sessions Defendant's daughter did not disclose any evidence or behaviors consistent with a history of being sexually abused.  Defendant's wife of 18 years supports his pretrial release based upon her observations of her husband's interactions with their daughter.  Defendant's older sister, who resides with their parents, has offered herself as a third-party custodian pursuant to Section 3142(c)(1)(B)(I).

The Government understandably points to reprehensible statements made by Defendant during internet two chat room exchanges suggesting that Defendant had a sexual interest in his daughter or other young children. Defense counsel requested that the Court be permitted to review the broader record of chats in which Frey engaged, in support of an argument that his outrageous remarks were meant to reflect his  lack of sexual inhibitions designed to entice adult women into a sexual encounter.  Having performed that unwelcome exercise, the remarks in question are isolated, and Defendant did not reflect any further inclination to act on warped sexual fantasies involving children.

Given the totality of the record, and proposed conditions of release, I am persuaded that Defendant has met his burden to show that he can be released pending trial without presenting a danger to the community.

His recent diagnosis of testicular cancer lends further weight to the case for pretrial release. At a minimum he will require surgery, and possibly adjuvant therapy. Managing that care while he is incarnated in the midst of the pandemic will present inherent difficulties, particularly if post-surgical therapy is required.

For these reasons, the motion for pretrial release will be granted, subject to stringent conditions.

    /s/ Gerald Austin McHugh
United States District Judge