## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | **CRIMINAL ACTION No. 20-386** |
| | : | |
| JON FREY | : | |

**McHUGH, J.**                                                    **February 23, 2026**

### MEMORANDUM

Petitioner Jon Frey pleaded guilty to distribution of child pornography in violation of 18 U.S.C. § 2252(a)(2) and accessing child pornography with intent to view in violation of 18 U.S.C. § 2252(a)(4)(B).  He received a substantial downward variance, with a sentence of 80 months as against a Guideline range of 151 to 188 months.  He now moves for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A).  For the reasons that follow, the motion will be denied.

The principal basis for relief is Mr. Frey's medical condition.  He is a survivor of testicular cancer, the treatment for which included left sided orchiectomy and chemotherapy with cisplatin.[1]  A known side effect of surgical removal of a testicle is low testosterone, which can in turn impact both health and quality of life.  Mr. Frey claims weight loss, muscle loss, low energy, lost stamina, mental fogginess, and heart palpitations from a lack of testosterone.  In support, Mr. Frey has submitted a 2-page report from a physician specialist in internal medicine, I.L. Lifrak, M.D.  The report comments generally on the known effects of low testosterone, and in a single paragraph notable for lack of detail or specific reference to medical records, summarily opines that Mr. Frey's care has been inadequate.

---

[1] It should be noted that the Court ordered Mr. Frey's release from pretrial custody to facilitate treatment of his cancer.  ECF 25, 26.

Over the course of his imprisonment, Mr. Frey has periodically complained about some of the symptoms above.  But when seen, he has generally appeared well.  An endocrinologist who examined him in December 2024 found that he did not clinically present with hypogonadism and concluded that monitoring testosterone levels was the appropriate course.  ECF 114, Ex. A at 150. The medical records reflect that testing was in fact repeated in June 2025, shortly before this motion was filed.  Levels were down, *id.* at 85, but a follow-up appointment with an endocrinologist was scheduled to consider testosterone replacement therapy, *id.* at 1.  It cannot be said that the Bureau of Prisons is ignoring his condition, nor can it be said that it is incapable of providing him with the care he needs if the endocrinologist following him deems replacement therapy warranted.  *See United States v. Fager*, No. 16-cr-0293, 2025 WL 2325662, at \*3 (E.D. Pa. Aug. 12, 2025) (Schmehl, J.); *United States v. Miller*, No. 15-cr-0471, 2021 WL 2711728, at \*3 (N.D. Cal. July 1, 2021) (Breyer, J.).  And to the extent Mr. Frey deems the treatment inadequate, he has administrative remedies set forth in 28 C.F.R. § 542.10 *et seq.*, including an expedited process for conditions "determined to be of an emergency nature which threatens the inmate's immediate health or welfare."  28 C.F.R. § 542.18.

As to his cardiac function, once again he has been evaluated, both by an exercise stress test, Ex. A at 134-35, and by echocardiogram, *id.* at 129-31, with one minor finding.  And a CT Heart Calcium Score showed no evidence of coronary blockage.  *Id.* at 122-23.

In sum, nothing about Mr. Frey's medical condition, or the care he has received, provides the "extraordinary and compelling reason" required to justify release.  18 U.S.C. § 3582(c)(1)(A).

Next, Mr. Frey cites family circumstance pursuant to USSG § 1B1.13(b)(3).  Specifically, he raises his daughter's educational challenges and the struggles his family faces because of his incarceration.  Lamentable as these are, they are the unfortunate collateral effects faced by every

family when a parent and breadwinner faces imprisonment.  And his wife is not incapacitated.  The circumstances here do not fit within those contemplated by the Guideline.

Finally, Mr. Frey cites progress he has made while in prison, and a release plan he is confident will succeed in eliminating any risk of recidivism.  But by statute, this does not support release, and may only be considered in connection with other grounds for relief.  28 U.S.C. § 994(t).

Separately, I must consider the factors set forth in 18 U.S.C. § 3553(a), and I am not persuaded that they are satisfied by a reduced sentence.  Mr. Frey was shown significant leniency at sentencing, and his offenses are serious.  Specific deterrence is a serious concern here, as I remain uncertain whether he has taken full personal responsibility for his actions, as evidenced in part by his frivolous civil actions against internet providers.

The motion will be denied.  An appropriate order follows.

   /s/ Gerald Austin McHugh
United States District Judge

3